# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Aimee Johnson, | **REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |
| Plaintiff, | |
| v. | |
| Robin Brady, | Case No:    19-cv-00169-JRT-LIB |
| Defendant. | |

## INTRODUCTION

In her Notice of Motion and Memorandum of Law, Plaintiff provides clarification of her original claims and alleges additional claims against Defendant Robin Brady, which include:  (1) "constitutional rights violations" under the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution; (2) "civil rights" violations under the Americans with Disabilities Act of 1990; (3) violations of the Health Insurance Portability and Accountability Act of 1996; (4) false statements under 18 U.S.C. § 1001; (5) "civil rights" violations for "emotional abuse" under Sections 609.342-609.3451 of the Minnesota Statutes; (6) fraud under Colorado state law; (7) false statements under 9A.76.175 of the Washington state revised code; (8) medical malpractice; (9) defamation; (10) and negligent infliction of emotional distress.  (Doc. No. 17 at 1-2; Doc. No. 18 at 1-2.)  In support of her claims, Plaintiff attached several documents as exhibits.  (Doc. No. 19; Doc. No. 19-1; Doc. No. 19-2; Doc. No. 19-3; Doc. No.

19-4; Doc. No. 19-5; Doc. No. 19-6; Doc. No. 19-7; Doc. No. 19-8; Doc. No. 19-9.) Most of these documents were originally attached as exhibits to Plaintiff's Complaint[1] except for the following: Doc. No. 19 at 5, 15; Doc. No. 19-1; Doc. No. 19-2; Doc. No. 19-4; Doc. No. 19-5 at 1; Doc. No. 19-6; Doc. No. 19-9. Many of these documents relate to individuals and entities who are not parties to this litigation. Nevertheless, Plaintiff's clarification and additional claims fail to establish federal subject-matter jurisdiction under 28 U.S.C. § 1331. Thus, Defendant Robin Brady asks the Court to dismiss Plaintiff's Complaint with prejudice for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and decline to exercise supplemental jurisdiction of Plaintiff's state tort claims.

## LEGAL ARGUMENT

I. **PLAINTIFF'S DUE-PROCESS AND EQUAL-PROTECTION CLAIMS UNDER THE FOURTEENTH AMENDMENT MUST BE DISMISSED FOR LACK OF FEDERAL SUBJECT-MATTER JURISDICTION UNDER 28 U.S.C. § 1331.**

In her Notice of Motion, Plaintiff alleges "constitutional rights violation of 14 amendment to [a]llow equal protection due process which prevents citizens from being illegally deprived of life [l]iberty or property." (Doc. No 17 at 2.) Section 1 of the Fourteenth Amendment to the U.S. Constitution provides, in part, that no State shall "deprive any person of life, liberty, or property, without due process of

---

[1] "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." FED.R.CIV.P. 10(c).

law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1.  Yet, not every "legally cognizable injury" that might have been inflicted by a State official acting under color of law constitutes a violation of the Fourteenth Amendment.  *Paul v. Davis*, 424 U.S. 693, 699 (1976). In addition, the Fourteenth Amendment "offers no shield" against private conduct "'however discriminatory or wrongful.'"  *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974) (quoting *Shelley v. Kraemer*, 335 U.S. 1 (1948)).  "Its purpose [is] to protect the people from the State, not to ensure that the State protected them from each other."  *DeShaney v. Winnebago Cty. Dep't of Soc. Serv.*, 489 U.S. 189, 196 (1989).  "Because the [Fourteenth] Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as 'state action.'"  *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 924 (1982) (emphasis added).

"Title 42 U.S.C. § 1983 provides a remedy for deprivations of rights secured by the Constitution and law of the United States when that deprivation takes place 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ....'"  *Lugar*, 457 U.S. at 924 (quoting 42 U.S.C. § 1983) (ellipses in original).  "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  "[T]he central purpose of [Section 1983] is to provide compensatory relief to those deprived of their federal rights by state actors."  *Felder v. Casey*, 487 U.S. 131, 141 (1988) (emphasis added).  To maintain a Section 1983 claim, a

plaintiff "must allege sufficient facts to show '(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.'" *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (quoting *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009); *see also Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *rev'd on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

### A. Plaintiff's claims under the Due Process Clause of the Fourteenth Amendment fail as a matter of law.

"Nothing in [the Fourteenth] Amendment protects against all deprivations, of life, liberty, or property by the State." *Parratt*, 451 U.S. at 537. For instance, "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels*, 474 U.S. at 328 (emphasis in original). Otherwise, the Fourteenth Amendment would become "a font of tort law to be superimposed upon whatever systems may already be administered by the States." *Paul*, 424 U.S. at 701. In addition, the Due Process Clause does not require "the State to protect the life, liberty, and property of its citizens against invasion by private actors." *DeShaney*, 489 U.S. at 195 (emphasis added).

### 1. Procedural Due Process.

Plaintiff's factual allegations are not sufficient to establish a procedural-due-process claim against Defendant. A Section 1983 claim may be brought against a State for violation of procedural due process under the Fourteenth Amendment.

*Zinermon v. Burch*, 494 U.S. 113, 125 (1990).  However, "[t]he Fourteenth Amendment protects only against deprivations 'without due process of law.'" *Parratt*, 451 U.S. at 537 (quoting *Baker*, 443 U.S. at 145).

In her Notice of Motion, Plaintiff alleges Defendant made "false written statements [t]o a school, a foster provider, [and] to the county."  (Doc. No. 17 at 1.)  In her Memorandum of Law, Plaintiff alleges Defendant's letter to County Social Services contains "false statements."  (Doc. No. 18 at 1-2; Doc. No. 19 at 1-2.)  Also, Plaintiff generally refers to "the removal of her children" and their placement with "a foster provider."  (Doc. No. 18 at 2.)

As an initial matter, Defendant is not a state actor.  Defendant is an Advanced Practice Registered Nurse and Certified Nurse Practitioner at Essentia Health-Duluth Clinic.  (Doc. No. 19 at 1-2.)  In that capacity, Defendant provided medical care and treatment to Plaintiff's minor children and wrote a letter to County Social Services.  (Doc. 17 at 1-2; Doc. No. 18 at 1-2; Doc. No. 19 at 1-2.)  There is no allegation Defendant was either a state actor or acting under "color of state law" at the time of these events.  The documents attached to Plaintiff's Complaint do not indicate or suggest otherwise.  Instead, Plaintiff alleges Defendant's actions in this case were negligent.  (Doc. No. 1 at 4; Doc. No. 17 at 2.)  However, acts of negligence do not implicate the Due Process Clause.

In addition, there is no allegation Defendant's above-described "written statements" and letter deprived Plaintiff of a constitutionally protected federal right without due process of law.  Indeed, Plaintiff fails to articulate any particular

deprivation on behalf of Defendant. A liberal reading of Plaintiff's pleadings could suggest a claim for the deprivation of Plaintiff's parental rights without due process of law. As a private actor, such claims would be inapplicable to Defendant. Moreover, the involvement of child protective services and the termination of parental rights, if any, under Minnesota law are matters to be determined by a Minnesota court. *See* MINN. STAT. §§ 260C.001-260C.637 (2018).

It is also possible Plaintiff may be seeking this Court's review of a Minnesota state court's decision regarding the placement of children and/or her parental rights. Under those circumstances, this Court would lack subject-matter jurisdiction. Pursuant to the *Rooker-Feldman* doctrine, a federal district court does not have subject-matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), *D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983). Thus, Defendant is entitled to dismissal of Plaintiff's procedural-due-process claim.

### 2.      Substantive Due Process.

Plaintiff's factual allegations are not sufficient to establish a substantive-due-process claim against Defendant. The Due Process Clause of the Fourteenth Amendment "contains a substantive component that bars certain arbitrary, wrongful <u>government</u> actions 'regardless of the fairness of the procedures used to implement

them.'" *Zinermon*, 494 U.S. at 125 (quoting *Daniels*, 474 U.S. at 331) (emphasis added). To establish a violation of substantive due process, the plaintiff must demonstrate actions by the <u>government</u> that (1) violated one or more fundamental constitutional rights and (2) were "shocking to the 'contemporary conscience.'" *Flowers v. City of Minneapolis, Minn.*, 478 F.3d 869, 873 (8th Cir. 2007) (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998); *Terrell v. Larson*, 396 F.3d 975, 978 n.1 (8th Cir. 2005)) (emphasis added). "[C]onduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." *Lewis*, 523 U.S. at 849. In contrast, "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Id.* (citing *Daniels*, 474 U.S. at 328; *Davidson v. Cannon*, 474 U.S. 344, 348 (1986)).

Again, Defendant is not a state actor. She is a nurse at Essentia Health-Duluth Clinic. Plaintiff does not allege Defendant was either a state actor or acting under "color of state law" when she provided medical care and treatment to Plaintiff's children, communicated with "a school" and "a foster provider" or wrote the letter to County Social Services. The documents attached to the Complaint offer no assistance to Plaintiff in this regard. There is no factual allegation demonstrating Defendant violated Plaintiff's fundamental and constitutionally-protected rights. To the extent Plaintiff is claiming violation of her parental rights, such claims do not apply to Defendant. She is a private actor in this case, and decisions about child protective services and parental rights are made by Minnesota's courts. *See* MINN.

STAT. §§ 260C.001-260C.637 (2018).    Moreover, Plaintiff's allegations of negligence, (Doc. No. 1 at 4; Doc. No. 17 at 2.), do not rise to the conscience-shocking level necessary to implicate the Due Process Clause.    Thus, Defendant is entitled to dismissal of Plaintiff's substantive-due-process claims.

### B.    Plaintiff's claim under the Equal Protection Clause of the Fourteenth Amendment fails as a matter of law.

Plaintiff's factual allegations are not sufficient to establish an equal-protection claim against Defendant.    "The Equal Protection Clause generally requires the government to treat similarly situated people alike."    *Klinger v. Dep't of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994) (citing *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985)).    An equal-protection analysis first requires determination as to "whether the plaintiff has demonstrated that she was treated differently than others who were similarly situated to her."    *Id.*    In the absence of a threshold showing that she was "similarly situated to those who allegedly received favorable treatment," the plaintiff does not have "a viable equal protection claim."    *Id.*

As a nurse at Essentia Health-Duluth Clinic, Defendant is not a state actor. There is no allegation Defendant was either a state actor or acting under "color of law" at any material time in this case.    There is no allegation Plaintiff was "similarly situated" in any way with other individuals.    There is no allegation other individuals received favorable treatment in comparison to Plaintiff.    Indeed, there are no factual allegations in Plaintiff's Complaint, Notice of Motion or Memorandum of Law

describing any set of circumstances that would provide a basis for a viable claim under the Equal Protection Clause. Thus, Defendant is entitled to dismissal of Plaintiff's equal-protection claim.

## II. PLAINTIFF'S CLAIMS UNDER THE AMERICANS WITH DISABILITIES ACT OF 1990 MUST BE DISMISSED FOR LACK OF FEDERAL SUBJECT-MATTER JURISDICTION UNDER 28 U.S.C. § 1331.

Plaintiff's factual allegations are not sufficient to establish an ADA claim against Defendant. The Americans with Disabilities Act of 1990 ["ADA"] provides "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities," which is enforceable under the Fourteenth Amendment. 42 U.S.C. § 12101(b)(1), (b)(4). The ADA "forbids discrimination against persons with disabilities in three major areas of public life." *Tenn. v. Lane*, 541 U.S. 509, 516 (2004). Title I prohibits employment discrimination against qualified individuals with disabilities. 42 U.S.C. §§ 12111-12117. Title II prohibits discrimination against qualified individuals with disabilities by excluding or denying them the benefits of services, programs or activities by public entities.[2] 42 U.S.C. §§ 12131-12165. "Public entity" is not defined to include individuals, however. 42 U.S.C. § 12131(1); *see also Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (citing 42 U.S.C. § 12131(1) ("That term, as it is

---

[2] For purposes of Title II, "public entities" include: any State or local government; any department, agency, special purpose district or other instrumentality of a State or States or local government; and the National Railroad Passenger Corporation and any commuter authority. 42 U.S.C. § 12131(1)(A)-(1)(C).

defined within the statute, does not include individuals.")  Title III prohibits private

entities[3] from discriminating against individuals with disabilities by denying them

"the full and equal enjoyment of the goods, services, facilities, privileges,

advantages, or accommodations of any public place of accommodation by any

person who owns, leases (or leases to), or operates a place of public

accommodation."  42 U.S.C. §§ 12181-12189.  "In a private enforcement action

---

[3] The following private entities are considered public accommodations for purposes of Title III if the private entities' operations affect commerce:

(A)    An inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor;
(B)    A restaurant, bar, or other establishment serving food or drink;
(C)    A motion picture house, theater, concert hall, stadium, or other place of exhibition or entertainment;
(D)    An auditorium, convention center, lecture hall, or other place of public gathering;
(E)    A bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment;
(F)    A laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital, or other service establishment;
(G)    A terminal, depot, or other station used for specified public transportation;
(H)    A museum, library, gallery, or other place of public display or collection;
(I)    A park, zoo, amusement park, or other place of recreation;
(J)    A nursery, elementary, secondary, undergraduate, or postgraduate private school, or other place of education;
(K)    A day care center, senior citizen center, homeless shelter, food bank, adoption agency, or other social service center establishment; and
(L)    A gymnasium, health spa, bowling alley, golf course, or other place of exercise or recreation.

42 U.S.C. § 12181(7)(A)-(7)(L).

under Title III of the ADA, a plaintiff may obtain only injunctive relief." *Boitnott v. Border Foods, Inc.*, 361 F.Supp.3d 858 (D. Minn. 2019) (citing 42 U.S.C. § 12188(a); *Wojewski v. Rapid City Reg'l Hosp., Inc.*, 450 F.3d 338, 342 (8th Cir. 2006); *Stebbins v. Legal Aid of Ark.*, 512 F.App'x 662, 663 (8th Cir. 2013) (citing 42 U.S.C. § 121888(a)).

The basis for Plaintiff's ADA claim is somewhat ambiguous. In her Notice of Motion, Plaintiff alleges discrimination on the basis of disability, transportation, and/or housing pursuant to the "Americans with [D]isabilities [A]ct of 1990." (Doc. No. 17 at 2.) As a practical matter, there is no allegation or supporting documentation showing Plaintiff is a "qualified individual with a disability" under the terms of the ADA. Any claim under Title I would fail because there is no allegation Defendant either employed Plaintiff or otherwise was involved with Plaintiff's employment. Any claim under Title II would fail because Defendant is an individual rather than a "public entity." In addition, any claim under Title III would fail because Plaintiff is not seeking injunctive relief. Thus, Defendant is entitled to dismissal of Plaintiff's ADA claims.

## III. PLAINTIFF'S CLAIM UNDER THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996 MUST BE DISMISSED FOR LACK OF FEDERAL SUBJECT-MATTER JURISDICTION UNDER 28 U.S.C. § 1331.

Plaintiff's factual allegations are not sufficient to establish a HIPAA claim against Defendant. Section 1983 provides a remedy for violations of federal statutory law. *Me. v. Thiboutot*, 448 U.S. 1, 4 (1980). "[T]he fact that a federal

statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) (quoting *Cannon v. Univ. of Chi.*, 441 U.S. 677, 688 (1979)). To seek redress, "a plaintiff must assert the violation of a federal right, not merely a violation of federal law," *Blessing v. Freestone*, 520 U.S. 329, 340 (1997) (internal citation omitted) (emphasis in original), and enforceability is not presumed merely because a statute "speaks in terms of 'rights.'" *Gonzaga Univ. v. Doe*, 536 U.S. 273, 289 n.7 (2002) (internal citation omitted).

In general, the Health Insurance Portability and Accountability Act of 1996 ["HIPAA"] "'was enacted in order to assure an individual's right to privacy in his or her medical records.'" *In Re Nat'l Hockey League Players' Concussion Injury Litig.*, 120 F.Supp.3d 942, 953 (D. Minn. 2015) (quoting *U.S. v. Prentice*, 683 F.Supp.2d 991, 1001 (D. Minn. 2010)); *see also* 45 C.F.R. Part 164. HIPAA, however, "does not create a private right of action." *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010) (citing *Adams v. Eureka Fire Prot. Dist.*, 352 F.App'x. 137, 139 (8th Cir. 2009) ("Since HIPAA does not create a private right, it cannot be privately enforced either via § 1983 or through an implied right of action."); *Acara v. Banks*, 470 F.3d 569, 571-72 (5th Cir. 2006)).

In her Memorandum of Law, Plaintiff alleges Defendant "in the past had talked with [t]he school who said I gave them oral ok to discuss to change sons meds and that never happened." (Doc. No. 18 at 1.) In addition, Plaintiff alleges Defendant spoke "to the school without my knowledge" in violation "[HIPAA]

rights." (Doc. No. 18 at 2.) As a private individual, however, Plaintiff cannot bring a claim against Defendant for an alleged HIPAA violation pursuant to Section 1983 or otherwise. Thus, Defendant is entitled to dismissal of Plaintiff's HIPAA claim.

## IV.  PLAINTIFF'S FALSE-STATEMENT CLAIM UNDER 18 U.S.C. § 1001 MUST BE DISMISSED FOR LACK OF FEDERAL SUBJECT-MATTER JURISDICTION UNDER 28 U.S.C. § 1331.

Plaintiff's factual allegations are not sufficient to establish a false-statement claim against Defendant pursuant to 18 U.S.C. § 1001. In her Notice of Motion, Plaintiff alleges Defendant made "false written statements [t]o a school, a foster provider, [and] to the county" in violation of 18 U.S.C. § 1001. (Doc. No. 17 at 1.) Section 1001 is a federal statute that makes it a crime to: (1) falsify, conceal or cover up a material fact "by any trick, scheme, or device;" (2) make a materially false, fictitious or fraudulent statement or representation; or (3) make or use a false writing or document knowing the writing or document to contain any materially false, fictitious or fraudulent statement or entry. 18 U.S.C. § 1001(a)(1)-(a)(3). However, Section 1001 provides for no private right of action. *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); 18 U.S.C. § 1001. "[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action." *Gonzaga*, 536 U.S. at 286. Thus, Defendant is entitled to dismissal of Plaintiff's false-statement claim under 18 U.S.C. § 1001.

## V.    PLAINTIFF'S CLAIMS UNDER SECTIONS 609.342-609.3451 OF THE MINNESOTA STATUTES MUST BE DISMISSED FOR LACK OF FEDERAL SUBJECT-MATTER JURISDICTION UNDER 28 U.S.C. § 1331.

Plaintiff's factual allegations are not sufficient to establish a claim against Defendant under Minnesota's criminal statutes.  In her Notice of Motion, Plaintiff alleges "[e]motional abuse violates civil rights" pursuant to "609.342 to 609.3451, No2."  (Doc. No. 17 at 2.)  To the extent Plaintiff's allegations refer to Minnesota's statutory law, the referenced Sections are criminal statutes.  Section 609.342 addresses criminal sexual conduct in the first degree.  MINN. STAT. § 609.342 (2018).  Section 609.343 addresses criminal sexual conduct in the second degree.  MINN. STAT. § 609.343 (2018).  Section 609.344 addresses criminal sexual conduct in the third degree.  MINN. STAT. § 609.344 (2018).  Section 609.345 addresses criminal sexual conduct in the fourth degree.  MINN. STAT. § 609.345 (2018).  Section 609.3451 addresses criminal sexual conduct in the fifth degree.  MINN. STAT. § 609.3451 (2018).

The basis for Plaintiff's claims is unclear.  Plaintiff fails to identify the perpetrator of the alleged emotional abuse.  Plaintiff fails to identify the victim of the alleged emotional abuse.  Plaintiff alleges no factual predicate for the alleged emotional-abuse claim.  Indeed, there is no description of the alleged emotional abuse, manifestation of symptoms or any treatment sought and/or obtained.  Plaintiff fails to identify the "civil rights" contemplated by her emotional-abuse claim.  In addition, Plaintiff fails to demonstrate any connection between the alleged

emotional abuse, the referenced Minnesota statutory law, and any action or inaction on behalf of Defendant. Moreover, none of the statutes cited by Plaintiff authorizes a civil cause of action. *See Larson v. Dunn*, 460 N.W.2d 39, 47 n.4 (Minn. 1990) ("[A] criminal statute does not automatically give rise to a civil cause of action unless the statute expressly or by clear implication so provides.") Thus, Defendant is entitled to dismissal of Plaintiff's claims under Minnesota's criminal statutes.

## VI. PLAINTIFF'S FRAUD CLAIM UNDER COLORADO STATE LAW MUST BE DISMISSED FOR LACK OF FEDERAL SUBJECT-MATTER JURISDICTION UNDER 28 U.S.C. § 1331.

Plaintiff's factual allegations are not sufficient to establish a fraud claim against Defendant under Colorado law. In her Notice of Motion, Plaintiff alleges a claim for "fraud" on the grounds that making "fraudulent statements against someone causing harm to persons [e]motional being and reputation with malice is against the law." (Doc. No. 17 at 2.) Plaintiff further alleges "[f]alse is defined in McBride v. People (126 col. 277, 248 p. 2d 725) intentionally or willfully untrue." (Doc. No. 17 at 2.) Also, Plaintiff alleges in her Memorandum of Law that "Federal Rule of civil procedure 9(b) creates a heightened pleading standard for fraud claims." (Doc. No. 18 at 1.)

As an initial matter, Rule 9(b) of the Federal Rules of Civil Procedure imposes pleading requirements upon a plaintiff alleging a claim for fraud. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED.R.CIV.P. 9(b). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.* In this case,

Plaintiff fails to provide any description of the circumstances underlying her fraud claim.

In support of her fraud claim, Plaintiff relies upon *McBride v. People*. (Doc. No. 17 at 2.) However, this case is inapposite. In *McBride v. People*, a criminal defendant was convicted under a Colorado state statute that made it a crime to obtain or attempt to obtain money or property "by means of or by use of brace faro, or any false or bogus checks, or by any other means, instrument or device, commonly called confidence games." *McBride v. People*, 126 Colo. 277, 278, 248 P.2d 725, 726 (Colo. 1952). There is nothing in either this case or the language of the referenced Colorado criminal statute to authorize a civil cause of action. There is also no factual allegation by Plaintiff to demonstrate either the relevancy or applicability of Colorado law to the facts in this case. Thus, Defendant is entitled to dismissal of Plaintiff's fraud claim under Colorado law.

## VII.    PLAINTIFF'S FALSE-STATEMENT CLAIM UNDER 9A.76.175 OF THE WASHINGTON REVISED CODE MUST BE DISMISSED FOR LACK OF FEDERAL SUBJECT-MATTER JURISDICTION UNDER 28 U.S.C. § 1331.

Plaintiff's factual allegations are not sufficient to establish a claim against Defendant under Washington state law. In her Notice of Motion, Plaintiff alleges Defendant made "false written statements [t]o a school, a foster provider, [and] to the county" in violation of "R C W 9A.76.175." (Doc. No. 17 at 1.) Plaintiff further alleges "[s]tatement was to the business[o]f the government agency which therefore influence its decision." (Doc. No. 17 at 1.) However, RCW 9A.76.175 is a State of

Washington criminal code, which provides that "[a] person who knowingly makes a false or misleading material statement to a public servant is guilty of a gross misdemeanor." RCW 9A.76.175. A "'[m]aterial statement' means a written or oral statement reasonably likely to be relied upon by a public servant in the discharge of his or her official powers or duties." RCW 9A.76.175. However, this statute is inapposite. There is nothing in the language of RCW 9A.76.175 to authorize a civil cause of action. Moreover, there is no factual allegation by Plaintiff demonstrating either the relevancy or applicability of Washington state law to the facts in this case. Thus, Defendant is entitled to dismissal of Plaintiff's claim under RCW 9A.76.175.

## VIII. PLAINTIFF'S MINNESOTA STATE TORT CLAIMS SHOULD BE DISMISSED FOR LACK OF FEDERAL-SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1331.

"Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state." *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *see also* 28 U.S.C. § 1652. ("The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the court of the United States, in cases where they apply.")

### A.    Plaintiff's medical malpractice claim arises under Minnesota law.

A claim alleging negligent medical decision-making is a claim for medical malpractice, which arises under state law. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). In her Notice of Motion and Memorandum of Law, Plaintiff alleges Defendant was "negligent" because she "failed to exercise appropriate and or ethical

care," frequently changed the medications for Plaintiff's son without consulting Plaintiff, and prescribed "to[o] much medicine," "passing blame onto mother." (Doc. No. 17 at 2; Doc. No. 18 at 1-2.)  Plaintiff further alleges Ritalin was prescribed for her son, causing "ticks" and making her son "more [a]nxious" and "wilder and out of control." (Doc. No. 18 at 2.)  Nevertheless, Plaintiff's allegations are not sufficient to invoke federal jurisdiction.  The factual allegations do not demonstrate Plaintiff's medical malpractice claim arises under the U.S. Constitution.  The factual allegations do not demonstrate Plaintiff's medical malpractice claim arises under any federal statute or other federal law.  In addition, the factual allegations do not demonstrate Plaintiff's right to relief depends upon the resolution of a substantial question of federal law.

Plaintiff's failure to comply with Minnesota's statutory requirements is additionally problematic for her claim.  In a Minnesota medical malpractice case, "compliance with [Section] 145.682 is necessary, …, no matter how the court obtains jurisdiction over the claim." *Oslund v. U.S.*, 701 F.Supp. 710, 714 (D. Minn. 1988).  Section 145.682 of the Minnesota Statutes places certain mandatory requirements upon a plaintiff in a medical malpractice action against a health care provider.  The plaintiff must serve an affidavit of expert review with the summons and complaint.  MINN. STAT. § 145.682, Subds. 2(1), 3(1) (2018).  Within 180 days after commencement of discovery, the plaintiff must serve an affidavit of expert identification or equally comprehensive answers to interrogatories.  MINN. STAT. § 145.682, Subds. 2(2), 4(a) (2018).  The affidavit must be signed by the plaintiff or

18

her attorney and each expert and state "the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion." MINN. STAT. § 145.682, Subd. 4(a) (2018). The Minnesota Supreme Court has determined the requirements of Section 145.682 are "uncomplicated and unambiguous" and must be met in all cases in which expert testimony is required to establish a prima facie case of medical malpractice. *Lindberg v. Health Partners, Inc.*, 599 N.W.2d 572, 577 (Minn. 1999); MINN. STAT. § 145.682, Subd. 2 (2018). The failure to comply with these requirements will result in <u>mandatory dismissal with prejudice</u>. MINN. STAT. § 145.682, Subd. 6 (2018) (emphasis added). Although Section 145.682 "may have harsh results in some cases, it cuts with a sharp but clean edge," and it is Minnesota's "legislative choice to implement the policy of eliminating frivolous medical malpractice lawsuits by dismissal." *Lindberg*, 599 N.W.2d at 578.

In this case, Plaintiff did not comply with the mandatory requirements of Section 145.682. She did not include an affidavit of expert review with the Summons and Complaint. Plaintiff offers opinions in her Notice of Motion and Memorandum of Law about the medical care rendered by Defendant and the use of Ritalin, including: "[t]he drug industry furnished but causes more harm than good with certain meds;" "I have [r]esearched and found that certain pills are ineffective for children with autism spec Disorder;" and "Ritalin which can lead to seizures or even [d]eath." (Doc. No. 18 at 2.) Yet, Plaintiff has not alleged any facts to demonstrate she possesses the necessary knowledge, training or experience to offer

expert opinions about either the reasonableness of Defendant's medical care or the use of Ritalin. She also failed to identify any qualified expert who will be offering opinions on these subjects.

Moreover, it remains uncertain whether Plaintiff has the required standing to pursue a medical malpractice claim arising from care and treatment provided to her son. In her Notice of Motion, Plaintiff alleges only that she has standing "because of Mrs. Brady's action is to why children are not with their Mother." (Doc. No. 17 at 2.) However, Plaintiff's singular statement about standing is not sufficient to invoke federal jurisdiction. *See Lujan v. Def. of Wildlife*, 504 U.S. 555, 561 (1992) (A party invoking federal jurisdiction bears the burden of establishing standing.). Thus, Defendant is entitled to dismissal of Plaintiff's medical malpractice claim.

### B.    Plaintiff's defamation claim arises under Minnesota law.

To establish a defamation claim in Minnesota, a plaintiff must prove: (1) the defamatory statement was communicated to someone other than the plaintiff; (2) the statement was false; (3) the statement tended to harm the plaintiff's reputation and lower her in the estimation of the community; and (4) the recipient of the false statement reasonably understood it to refer to a specific individual. *McKee v. Laurion*, 825 N.W.2d 725, 729-30 (Minn. 2013) (citing *Bahr v. Boise Cascade Corp.*, 766 N.W.2d 910, 919-20 (Minn. 2009); *State v. Crawley*, 819 N.W.2d 94, 104 (Minn. 2012)). However, "there is no fundamental right to one's own reputation," *Zutz*, 601 F.3d at 850 (citing *Paul*, 424 U.S. at 701), and "claims for defamation and slander are not cognizable under [Section] 1983." *Miner v.*

*Brackney*, 719 F.2d 954, 955 (8th Cir. 1983) (citing *Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975); *Morey v. Indep. Sch. Dist.*, 429 F.2d 428 (8th Cir. 1970); *Heller v. Roberts*, 386 F.2d 832 (2nd Cir. 1967)); *see also Paul*, 424 U.S. at 694 (Defamation, "standing alone and apart from any other governmental action" pertaining to the plaintiff, does not "state a claim for relief" under Section 1983 and the Fourteenth Amendment.).

In her Notice of Motion, Plaintiff alleges Defendant is "libel" for making "false written statements [t]o a school, a foster provider, [and] … the county." (Doc. No. 17 at 1.)  In particular, Plaintiff alleges Defendant "[w]rote a letter knowing that it was false with complete malice."  (Doc. No. 18 at 1.)  Also, Plaintiff alleges Defendant "called [u]p one of the foster parents stating that I called her stating I said foster parent was giving [m]edication wrong, that never happened." (Doc. No. 17 at 1.)  Plaintiff further alleges Defendant's "statements caused reputation to be tarnished in the community as [w]ell as with the county, by not returning mothers children." (Doc. No. 17 at 1.)  Nevertheless, Plaintiff's allegations are not sufficient to invoke federal jurisdiction.  The factual allegations fail to demonstrate Plaintiff's defamation claim arises under the U.S. Constitution.  The factual allegations fail to demonstrate Plaintiff's defamation claim arises under any federal statute or other federal law.  In addition, Plaintiff's allegations fail to demonstrate Plaintiff's right to relief depends upon the resolution of a substantial question of federal law.  Thus, Defendant is entitled to dismissal of Plaintiff's defamation claim.

### C.    Plaintiff's negligent-infliction-of-emotional-distress claim arises under Minnesota law.

"To establish a claim for negligent infliction of emotional distress, a plaintiff must show that she was within a zone of danger of physical impact, reasonably feared for her safety, and suffered severe emotional distress with accompanying physical manifestations." *Wall v. Fairview Hosp. and Healthcare Serv.*, 584 N.W.2d 395, 408 (Minn. 1998) (citing *Stadler v. Cross*, 295 N.W.2d 552, 553 (Minn. 1980)). "Due to concerns about unintended and unreasonable results," the zone of danger has been deliberately limited to the "threat of personal physical danger." *Id.* (citing *K.A.C. v. Benson*, 527 N.W.2d 553, 558 (Minn. 1995)). "Fortune smiled and the imminent calamity did not occur." *Id.*

In her Notice of Motion, Plaintiff alleges Defendant "made false statements [t]o a school, a foster provider, [and] to the county which caused a lot of emotional distress to [f]amily." (Doc. No. 17 at 1.) Plaintiff further alleges in her Memorandum of Law that "Mother still suffers from emotional [d]istress from this nurse who wrote a letter to help Support County …." (Doc. No. 18 at 2.) Plaintiff also alleges "Mother still [h]as crying spells from the removal of her children, as well as loose stools, depression and [c]hest discomfort from not being with children. This has caused an extreme amount of trauma to all parties involved." (Doc. No. 18 at 2.) Nevertheless, Plaintiff's allegations are not sufficient to invoke federal jurisdiction. The factual allegations do not demonstrate Plaintiff's claim arises under the U.S. Constitution. The factual allegations do not demonstrate Plaintiff's

22

defamation claim arises under any federal statute or other federal law. In addition, Plaintiff's allegations do not demonstrate Plaintiff's right to relief depends upon the resolution of a substantial question of federal law. Thus, Defendant is entitled to dismissal of Plaintiff's negligent-infliction-of-emotional-distress claim.

IX. **PLAINTIFF'S MINNESOTA STATE TORT CLAIMS FOR MEDICAL MALPRACTICE, DEFAMATION, AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS ARE NOT SUBJECT TO SUPPLEMENTAL JURISDICTION UNDER 28 U.S.C. § 1367(a).**

To exercise supplemental jurisdiction over some claims, a district court must have "original jurisdiction over at least one claim in the complaint." *Myers v. Richland Cty.*, 429 F.3d 740, 748 (8th Cir. 2005) (citing *Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 557-59 (2005)). In this case, the Court lacks original jurisdiction over any claim in Plaintiff's Complaint, Notice of Motion or Memorandum of Law. In the absence of original jurisdiction as to any of Plaintiff's claims, the Court should decline to exercise supplemental jurisdiction over the state tort claims in this case.

## CONCLUSION

For the foregoing reasons, Defendant Robin Brady respectfully requests the Court grant her Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, dismissing Plaintiff's claims with prejudice and in their entirety.

Dated: April 19, 2019.     By _____s/Tracy A. Schramm_____
                              Tracy A. Schramm
                           Bar Number 0313245
                           *Attorneys for Defendant*
                           GERAGHTY O'LOUGHLIN & KENNEY, P.A.
                           Fitgers – Suite 203
                           600 East Superior Street
                           Duluth, Minnesota 55802
                           Phone:  (218) 491-7899
                           FAX:    (218) 491-7896
                           Email:  tschramm@goklawfirm.com