UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Aimee Johnson,  File No. 19-cv-169 (JRT/LIB)

        Plaintiff,

v.  **REPORT AND RECOMMENDATION**

Robin Brady,

        Defendant.

---

This matter comes before the undersigned United States Magistrate Judge upon Defendant Robin Brady's Motion to Dismiss. [Docket No. 8]. Pursuant to a referral made in accordance with 28 U.S.C. § 636, Defendant's Motions was referred to the undersigned by the Honorable John R. Tunheim, Chief Judge for the District Court for the District of Minnesota. (Order of Reference [Docket No. 15]). The Court took Defendant's Motion under advisement on the written submissions of the parties on June 17, 2019. (Order [Docket No. 29]).

For the reasons discussed herein, it is recommended that the Defendant's Motion to Dismiss, [Docket No. 8], be **GRANTED in part and DENIED in part**, and that the present action be **DISMISSED without prejudice**.

**I.   Background**[1]

The specifics of Plaintiff's Complaint are not entirely clear. From Plaintiff's Complaint, as well as, other documents she has submitted along with her Complaint, however, it is evident that Defendant is a Family Psychiatric Mental Health Nurse Practitioner who provided

---

[1] The facts as presented here are compiled from Plaintiff's Complaint, [Docket No. 1]; the exhibits Plaintiff filed with her Complaint; and judicial records in the state court case referenced in Plaintiff's Complaint. Generally, in evaluating a complaint, materials outside the pleadings cannot be considered on a motion to dismiss. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). However, a court "may consider the pleadings themselves, material embraced by the pleadings, exhibits attached to the pleadings, and matters of public record" such as judicial records. See, e.g., Mills v. City of Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010) (citing Porous Media Corp., 186 F.3d at 1079).

information to the state court in a state proceeding to determine Plaintiff's parental rights as to her two minor children—In re Matter of Welfare of the Children of Aimee Renee Johnson & Brandon John Jorgenson, 69DU-JV-17-357 (St. Louis Cnty. Dist. Ct.). (See, Compl. [Docket No. 1]; Exhibit, [Docket No. 2], at 3–5, 7, 8–16, 19–22; Exhibit, [Docket No. 2-1], at 23; Exhibit, [Docket No. 2-2], at 24–25, 27).[2]

The proceedings in the underlying state court case indicate that St. Louis County Public Health and Human Services first became involved with Plaintiff in November of 2013, when Plaintiff reported that she had "concerns" about the father of her children abusing the children. In re Matter of Welfare of the Children of Aimee Renee Johnson & Brandon John Jorgenson, 69DU-JV-17-357, Petition Termination of Parental Rights (St. Louis Cnty. Dist. Ct. May 4, 2017). After several more reports of "concern" from third-parties and continued interactions with social services, Plaintiff signed a "Voluntary Placement Agreement." Id. at 13. The children were then placed in foster care. Id. at 13. While the children were in foster case, Plaintiff expressed several concerns about the level of care the children were receiving, as well as, concerns about Plaintiff's inability to participate in welfare decisions regarding the children. Id. at 13–28. During that same time, the social workers, as well as, the guardian ad litem assigned to the case expressed several concerns regarding the level of care Plaintiff had been providing the children and Plaintiff interactions with the children during visitations. See, Id.

Throughout these state proceedings Plaintiff expressed her concern that the two minor children were being overly and improperly medicated while out of her care. (See, Compl.

---

[2] Plaintiff did not provide the Court with all the documents from the underlying state court proceeding. However, as previously noted, a Court "may consider the pleadings themselves, material embraced by the pleadings, exhibits attached to the pleadings, and matters of public record," such as judicial orders. See, e.g., Mills v. City of Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010). Accordingly, the Court may properly consider the materials filed in the underlying state court case, as well as, the exhibits Plaintiff filed with her Complaint because those materials are either matters of public record, judicial orders, embraced by Plaintiff's Complaint, or some combination thereof.

[Docket No. 1]; Exhibits [Docket Nos. 2, 2-1, 2-2, 2-3, 2-4, 2-5, 2-6, 2-7, 2-8, 2-9, 2-10]). The social worker involved in the underlying state court proceedings expressed Plaintiff's concerns to Defendant who was providing mental health care to the two minor children. (Exhibit, [Docket No. 2], at 13–14). After her conversation with the social worker, on January 23, 2017, Defendant wrote a letter to the state court regarding the medication being provided to one of the minor children, as well as, what Defendant described as Plaintiff's "'strong' history of anxious concern for the children's medication and behaviors . . . ." (Id. at 14). Defendant also made recommendation as to the long term placement of the minor children. (Id.). Plaintiff has consistently disagreed with several aspects of Defendant's letter.

On May 4, 2017, the St. Louis County Department of Public Health and Human Services filed a Petition for the Termination of Parental Rights as to Plaintiff and her two minor children. In re Matter of Welfare of the Children of Aimee Renee Johnson & Brandon John Jorgenson, 69DU-JV-17-357, Petition Termination of Parental Rights (St. Louis Cnty. Dist. Ct. May 4, 2017). Through this Petition, the County sought to terminate Plaintiff's parental rights as to the two minor children.

On January 16, 2018, Plaintiff appeared, personally and through her counsel, at a trial on the County's Petition for the Termination of Parental Rights. In re Matter of Welfare of the Children of Aimee Renee Johnson & Brandon John Jorgenson, 69DU-JV-17-357, Order (St. Louis Cnty. Dist. Ct. Feb. 7, 2018). After the commencement of the state termination of rights trial, Plaintiff "informed the Court that [she] would enter a voluntary termination of parental rights" based on the advice of her counsel. Id. at 3. The state court then "accepted" Plaintiff's "voluntary terminations on the record," and it "signed the appropriate papers." Id.

3

However, soon thereafter Plaintiff filed a motion in state court seeking permission to withdraw her consent to termination of parental rights. Id. On February 7, 2018, the state court entered an Order denying Plaintiff's request to withdraw her voluntary termination of parental rights. Id.

On February 16, 2018, the state court entered an Order terminating Plaintiff's parental rights as to the two children. Id. Upon terminating Plaintiff's parental rights and awarding guardianship of the children to the Minnesota Commissioner of Human Services for purposes of adoptive placement, the state court "closed" the state case. Id.

On March 30, 2018, Plaintiff filed, in state court, a motion to reconsider and reopen the state court case in which her parental rights were terminated. In re Matter of Welfare of the Children of Aimee Renee Johnson & Brandon John Jorgenson, 69DU-JV-17-357, Order (St. Louis Cnty. Dist. Ct. April 9, 2018). Her motion to reopen the state court case was denied on April 9, 2018. Id. Nevertheless, Plaintiff filed several more motions regarding requests to have her parental rights reinstated; each time, however, the state court declined the request and informed Plaintiff that the matter had been previously resolved. See, Id.

Plaintiff initiated the present action on January 23, 2019, by filing her pro se Complaint. [Docket No. 1]. At the same time she filed her Complaint, Plaintiff also submitted several exhibits attached to her Complaint. (Exhibits [Docket No. 2, 2-1, 2-2, 2-3, 2-4, 2-5, 2-6, 2-7, 2-8, 2-9, 2-10]).

In her Complaint, Plaintiff asserts that she is a citizen of Minnesota. (Compl., [Docket No. 1], at 1). She further asserts that Defendant is a resident of Minnesota. (Id. at 2).

In the portion of her Complaint form inquiring as to "the basis for federal court jurisdiction" in the present case, Plaintiff checked the box indicating "Federal Question"

4

jurisdiction. (Id. at 3). In the portion of the Complaint inquiring as to the "basis for" the "Federal Question" jurisdiction, Plaintiff wrote "constitutional rights violation" and "slander." (Id.).

The body of Plaintiff's Complaint provides as follows:

> This professional [Defendant Brady] wrote a letter in support of the county. However, the letter written was not true and defames mother's reputation. Because of this mother has extreme emotional distress because of losing her 2 children due to this, social services did not return children and mother has been depressed has had increased anxiety, problems sleeping, crying, stomach aches, and other symptoms. Defamation is punishable by law when a person makes false statements about a person causing that person harm.
>
> This Dr also is found to be negligent in changing meds frequently to patient, then passing blame unto parent. Also now is giving more medication to patient which has caused side effects from too much medication this Dr recklessly overprescribes drugs and too much of the medication and when parent did not like this, Dr would make statements on mothers anxious concerns, I don't feel my son needed what she was prescribing to him.

(Compl. [Docket No. 1]) (emphasis added). Under the heading "REQUEST FOR RELIEF," Plaintiff wrote as follows:

> Mother is asking the courts to award her punitive damages that she's intitled to for slander, negligence on this practitioner as their were many untruths in the past as well as present that were sent to the courts.

(Id.).

In lieu of answering the Complaint, Defendant responded with a Motion to Dismiss. [Docket No. 8]. That Motion to Dismiss is now before this Court.

## II.   Analysis

Liberally construing Plaintiff's pleadings in her favor,[3] Plaintiff's Complaint purports to raise three causes of action: (a) a specific claim asserting that Defendant's statement in her letter to the state court slandered Plaintiff; (2) a specific claim that Defendant was "negligent"; and a conclusory, generic claim that Defendant's actions somehow violated Plaintiff's "constitutional

---

[3] "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984).

rights." (See, Compl. [Docket No. 1]). Defendant moves this Court for an Order dismissing Plaintiff's claims based on Defendant's contention that this Court lacks the requisite subject matter jurisdiction to adjudicate Plaintiff's claims. (Def.'s Mot. [Docket No. 8]).

Before a Court may consider the merits of a party's claims, the Court has an independent duty to ensure it possesses the requisite subject matter jurisdiction to adjudicate the party's claims. Fed. R. Civ. P. 12(h)(3); Ruhgras AG v. Marathon Oil Co., 526 U.S. 574, 577, 583 (1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

There are two types of federal subject matter jurisdiction: federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. See, e.g., Briks v. Yeager, No. 19-cv-1 (NEB/LIB), 2019 WL 2119560, at *2 (D. Minn. May 15, 2019); Soltan v. Coburn, No. 9-cv-478 (JRT/FLN), 2009 WL 2337134, at *3 (D. Minn. July 23, 2009) (citing 28 U.S.C. §§ 1331 and 1332; One Point Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007)).

Even liberally construing Plaintiff's pleadings in her favor and drawing all reasonable inferences in her favor, Plaintiff has failed to allege sufficient facts upon which a basis for subject matter jurisdiction may be found.

First, in her Complaint, Plaintiff indicates that both she and Defendant are Minnesota citizens. (See, Compl., [Docket No. 1], at 1–2).Therefore, diversity jurisdiction cannot exist in the present action because Plaintiff and Defendant are both citizens of Minnesota. See, e.g., E3 Biofuels, LLC v. Biothan, LLC, 781 F.3d 972, 975 (8th Cir. 2015) (providing that diversity jurisdiction requires that no defendant is a citizen of a state where any plaintiff is a citizen); One

6

Point Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007) (explaining that under § 1332(a)(1), every defendant must have a different state of citizenship than every plaintiff).

Similarly, federal question jurisdiction does not exist in the present case. Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Simply put, federal question jurisdiction is based on an action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction exists either when (1) "federal law creates the cause of action" or (2) "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. Of S. California, 463 U.S. 1, 27–28 (1983).

In the present case, Plaintiff's Complaint is devoid of any factual allegations supporting a federal cause of action or a request for relief dependent on federal law. Plaintiff specifically raises only state law claims of slander and negligence, and she conclusorily asserts only that the basis of her federal question assertion is "constitutional rights violations." (See, Compl. [Docket No. 1]). Plaintiff's state law claims of slander and negligence are not "causes of action" created by "federal law" nor claims of which the "right to relief necessarily depends on resolution of a substantial question of federal law" because Plaintiff's slander and negligence claims are based solely on state law. See, Conklin v. Comcast, No. 12-cv-370 (SRN/TNL), 2012 WL 948716, at *1 (D. Minn. Feb. 24, 2012) (holding that claims of slander, defamation, and/or intentional inflection of emotion distress cannot be the basis for federal question jurisdiction because they are based on "state common law tort theory"), report and recommendation adopted, 2012 WL 949721 (D. Minn. Mar. 20, 2012); Hanson v. Domino, No. 10-cv-3895 (JRT/JJK), 2012 WL 7807448, at *14 (D. Minn. Oct. 22, 2012) (discussing allegedly slanderous statements and

7

defamation claim which it describes as "common law defamation claims under Minnesota law"), report and recommendation adopted, 2013 WL 1249071 (D. Minn. Mar. 26, 2013); El-Ghazzawy v. Berthiaume, 708 F. Supp. 2d 874, 885–86 (D. Minn. Apr. 16, 2010) (describing and discussing defamation as state law claim); Besett v. Hegg, 890 F. Supp. 2d 1076, 1083–85 (D. Minn. 2012) (discussing defamation claim based on allegedly slanderous statements as one of the remaining state law claims); Davis v. Quality Inn, Somerset Hosp. LLC, No. 19-cv-97 (SRN/DTS), 2019 WL 2393420, at *1–2 (D. Minn. Feb. 6, 2019) (providing that negligence claim could not support federal question jurisdiction because it is a state law claim), report and recommendation adopted sub nom. Davis v. Quality Inn, 2019 WL 2387805 (D. Minn. Feb. 26, 2019); Ansari v. NCS Pearson, Inc., No. 8-cv-5351(JRT/JJG), 2009 WL 2337137, at *4 (D. Minn. July 23, 2009) (discussing negligence as state law cause of action in consideration of motion to remand and "fraudulent joinder" doctrine). Therefore, Plaintiff's purported slander and negligence claims cannot be the basis for federal question jurisdiction.

Similarly, Plaintiff's sole conclusory averment that the basis of her federal question assertion is an unspecified "constitutional rights violation" cannot support federal question jurisdiction. Besides this singular isolated reference, Plaintiff's Complaint is entirely devoid of any factual allegations related to, or other mention of, any constitutional rights. Such conclusory assertions "simply fall short of establishing federal-question jurisdiction." Briks v. Yeager, No. 19-cv-1 (NEB/LIB), 2019 WL 2119560, at *2 (D. Minn. May 15, 2019).

Therefore, as this Court lacks subject matter jurisdiction over this action, the Court recommends that this action be dismissed without prejudice.

### III.   Conclusion

The Court notes that one final issues merits further discussion. Defendant's Motion to Dismiss, [Docket No. 8], seeks an Order of this Court dismissing Plaintiff's Complaint with prejudice. The Court, however, lacks the subject matter jurisdiction to dismiss the present action with prejudice. See, Briks v. Yeager, No. 19-cv-1 (NEB/LIB), 2019 WL 2119560, at *2–3 (D. Minn. May 15, 2019); Jenkins v. Bowker, No. 19-cv-1051 (NEB/LIB), 2019 WL 2931581, at *1–2 (D. Minn. June 4, 2019), report and recommendation adopted, 2019 WL 2921796 (D. Minn. July 8, 2019). Therefore, it is recommended that Defendant's Motion to Dismiss, [Docket No. 8], be granted in part and denied in part. It is recommended that Defendant's Motion be denied to the extent it seeks dismissal of the present action with prejudice.

Therefore, based on the foregoing rationale, all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. Defendant Motion to Dismiss, [Docket No. 8], be **GRANTED in part and DENIED in part**; and

2. The present action be **DISMISSED without prejudice**.


Dated: August 26, 2019                           s/Leo I. Brisbois
                                                 Hon. Leo I. Brisbois
                                                 U.S. MAGISTRATE JUDGE


### N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).